**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MARY ROSS, ) | |
| aka MARY J. ROSS, and ) | |
| MARY JUANITA ROSS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 3:09-CV-1176-M |
| ) | |
| WANDA OSTEEN, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is an unspecified *pro se* civil action.

    Parties:  Plaintiff Mary Juanita Ross ("Ross") is a resident of Hutchins, Texas. Defendant is Wanda Osteen. The court did not issue process in this case, pending preliminary screening.

    Statement of Case:  Plaintiff filed this action against Wanda Osteen, the mother of Brandon Lewis, complaining of conduct that occurred in 2003 and 2004 and that may be related to criminal charges presently pending against Plaintiff.

    On January 26, 2009, Plaintiff filed a prior *in forma pauperis* action against Wanda Osteen, Brandon Lewis, and other individuals stemming from the same course of events at issue in this case. *See Ross v. Hutchins Police Department*, 3:09cv0168-M (N.D. Tex.). On May 29,

2009, the district court dismissed that case as frivolous. *Id*. (accepting findings and recommendation of the undersigned magistrate judge). With respect to Defendants Osteen and Lewis, the court concluded that they were private citizens, whose conduct was not cognizable under § 1983. Alternatively, the court concluded that all claims against Osteen and Lewis were time barred. Plaintiff did not appeal.

<u>Findings and Conclusions</u>: The court has granted Plaintiff leave to proceed *in forma pauperis*. Her complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915(e). That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . .

28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious when it "duplicates allegations of another [] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). Although the *Pittman* court referred to allegations duplicative of pending federal litigation in discussing maliciousness, other cases make it clear that the prior lawsuit need not be pending. In *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989), the Fifth Circuit recognized that an *in forma pauperis* action may be dismissed as frivolous when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *See also Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissal of *in forma pauperis* complaint was proper because suit was duplicative of previously dismissed lawsuit); *Willis v. Bates*, 78 Fed. Appx. 929, 930, 2003 WL 22427405, *1 (5th Cir. Oct. 22, 2003) (unpublished per curiam) ("[A]" district court may dismiss a lawsuit as malicious

2

if it arises from the same series of events and alleges many of the same facts as an earlier suit.").

It is clear that the allegations in this action duplicate some of the claims pursued in Plaintiff's prior civil action against Osteen and Lewis. *See* No. 3:09-cv-0168-M. The fact that Plaintiff continues to suffer as a result of the events which led to the complaint in No. 3:09cv0168-M, does not entitle her to raise her claims anew. Therefore, this case should be dismissed *sua sponte* with prejudice as frivolous.

Contemporaneously with the filing of this action, Plaintiff filed three additional complaints seeking to sue some of the same defendants previously named in No. 3:09cv0168-M, and raising some of the same claims. *See Ross v. Akhir, et al.*, 3:09cv1173-O (N.D. Tex.); *Ross v. Love*, 3:09cv1174-M (N.D. Tex.); *Ross v. Hunt, et al.*, 3:09cv1175-B (N.D. Tex.). All cases are presently referred to Magistrate Judge Jeff Kaplan for screening.

In light of the filing of these new actions, Plaintiff should be warned that if she persists in filing frivolous lawsuits, the court may impose monetary sanctions and/or bar her from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir.1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, *are not entitled to sue and appeal, period." Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis

added).

RECOMMENDATION:

    For the foregoing reasons, it is recommended that this action be DISMISSED *sua sponte* with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

    It is further recommended that Plaintiff be WARNED that sanctions may be imposed if she persists in filing frivolous lawsuits.

    A copy of this recommendation will be mailed to Plaintiff.

    Signed this 1st day of July, 2009.


                                            WM. F. SANDERSON, JR.
                                            UNITED STATES MAGISTRATE JUDGE


NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.